IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) <br> COMMISSION, ) <br>   ) <br> Plaintiff, ) <br>   ) <br> v. ) <br>   ) <br> CADILLAC JACK, INC., ) <br>   ) <br>   ) <br> Defendant. ) <br> _____) | CIVIL ACTION NO. <br><br> JURY TRIAL <br> DEMANDED |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Tracey Tucker who was adversely affected by such practices. The Commission alleges that Ms. Tucker was terminated from her position as a Contract Manager in retaliation for complaining about race and gender discrimination.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended,

1

42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Cadillac Jack, Inc., (the "Defendant"), has continuously been a Georgia corporation doing business in the State of Georgia and the City of Duluth, and has continuously had at least 15 employees.

5.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Tracey Tucker filed a charge with the Commission alleging violations of Title VII by

Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least July 2009, Defendant has engaged in unlawful employment practices at its Duluth, Georgia location, in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a) and §2000e-3(a), by discharging Tracey Tucker in retaliation for engaging in protected activity, i.e., complaining internally about race and gender discrimination.

8. Tracey Tucker began working for Cadillac Jack, Inc. on August 16, 2006, as a Corporate Paralegal.

9. She was promoted to the position of Compliance Manager on October 4, 2006. She continued to work in this position until the Defendant outsourced all compliance work in April 2009. At this time, she was moved into the position of Contract Manager and remained in that position until July 15, 2009, when Defendant terminated her.

10. On July 8, 2009, Tracey Tucker engaged in protected activity when she emailed her supervisor, Erik Nordin, complaining of discrimination based on race.

11. Tracey Tucker again engaged in protected activity on July 14, 2009, when she met with Erik Nordin and Mimi Tran, Human Resources Director, to

discuss her email. In that meeting, she explained to both Nordin and Tran that she believed that she was being subjected to discrimination.

12. Because Tracey Tucker had previously complained to HR that she believed she was subjected to discrimination because of her race and gender, Defendant was aware that the complaint of July 14, 2009 was the second time Tucker complained about race and gender discrimination.

13. Tracey Tucker was terminated the next day following her complaint, July 15, 2009. When she asked for an explanation, she was told that Respondent did not have to provide her with one.

14. The termination was in retaliation for Tucker engaging in protected activity under Title VII as Defendant's articulated reasons for terminating Tucker are pretextual.

15. The effect of the practice(s) complained of in paragraphs 7-14 above has been to deprive Tracey Tucker of equal employment opportunities and otherwise adversely affect her status as an employee, because she engaged in protected activity.

16. The unlawful employment practices complained of in paragraphs 7-14 above were intentional.

17. The unlawful employment practices complained of in paragraphs 7-14 above, were done with malice or with reckless indifference to the federally protected rights of Tracey Tucker.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from retaliating against individuals who engage in protected activity.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees who engage in protected activity, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Tracey Tucker by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

D. Order Defendant to make whole Tracey Tucker by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to job search expenses resulting from the retaliation, in amounts to be determined at trial.

E.  Order Defendant to make whole Tracey Tucker by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, anxiety, stress, and humiliation, in amounts to be determined at trial.

F.  Order Defendant to pay Tracey Tucker punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

[Jury Trial Demand and signature page follows]

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

9/2/2011
Date

/s/ Robert K. Dawkins
Robert K. Dawkins
Regional Attorney
Georgia Bar No. 076206
robert.dawkins@eeoc.gov

Chandra Davis
Trial Attorney
Georgia Bar No. 141801
chandra.davis@eeoc.gov

Ottrell Edwards
Supervisory Trial Attorney
Georgia Bar No. 141979
ottrell.edwards@eeoc.gov

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone: (404) 562-6818
Facsimile: (404) 562-6905